UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

INTERSTATE BAKERIES CORPORATION )
)
          Plaintiff, )
)
vs. )   Case No:  4:09-CV-0809-SWH
)
ONEBEACON INSURANCE COMPANY )
)
          Defendant. )
)

**DEFENDANT ONEBEACON INSURANCE
COMPANY'S ANSWER**

COMES NOW Defendant OneBeacon Insurance Company ("Defendant"), by and through counsel, and in response to Plaintiff's Complaint, states as follows:

1.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of the Petition and, therefore, denies the same.

2.     Defendant admits that it is an insurance company incorporated in the state of Pennsylvania and that its principal place of business is in Boston, Massachusetts as alleged in paragraph 2 of the Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.     Defendant admits that the Complaint purports to be an action for declaratory relief pursuant to 28 U.S.C. § 2201 as alleged in paragraph 4 of the Complaint.  Defendant is without sufficient information or knowledge to admit or deny whether Plaintiff is or was a citizen of Delaware, Missouri and Texas.  Defendant admits that it is a citizen of Pennsylvania and Massachusetts.  The question of whether personal jurisdiction exists is a legal conclusion not requiring a response from Defendant.  Should a response be deemed required, Defendant denies the same.

5.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies the same.

6.     The question of whether venue is proper as alleged in paragraph 6 of the Complaint is a legal conclusion not requiring a response from Defendant.  Should a response be deemed required, Defendant denies the same.

7.     Defendant admits that it sells insurance polices in Missouri and that it is licensed to sell insurance by the Missouri Department of Insurance.  The remaining allegation in paragraph 7 amounts to a legal conclusion not requiring a response from this Defendant.  Should a response be deemed required, Defendant denies the same.

8.     The question of whether venue is proper as alleged in paragraph 8 of the Complaint is a legal conclusion not requiring a response from Defendant.  Should a response be deemed required, Defendant denies the same.  Defendant admits that the Complaint purports to center on a liability insurance contract between Defendant and Plaintiff.  Defendant admits that it has policy holders in the state of Missouri.  Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.     Defendant admits that the insurance policy in question was intended to cover Plaintiff for claims throughout the United States, including Missouri that are covered under the policy and not excluded.  Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint amount to legal conclusions not requiring a response from Defendant.  Should a response be deemed required, Defendant denies the same.

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     In response to paragraph 12 of the Complaint, Defendant states that it would have mailed the policy to Plaintiff's broker who would have delivered the policy to Plaintiff. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12 and, therefore, denies the same.

13.     Defendant admits the allegations contained in paragraph 13 of the Complaint but also states that defense costs are paid on behalf of the insured, where required, subject to the Limits of Liability and Retention.

14.     Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits that the language quoted in paragraph 15 of the Complaint is in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.

16.     Defendant admits that the language quoted in paragraph 16 of the Complaint is in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that the quoted language in paragraph 18 of the Complaint is in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.

19.     In response to paragraph 19 of the Complaint, Defendant admits the terms "slogan" and "unfair competition" are not set forth in the Definitions section of the policy.

20.     Defendant admits that the quoted language in paragraph 20 of the Complaint is in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.

21.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint in that First Media and OneBeacon Professional Partners are not corporate entities.  Defendant, therefore, denies the same.

22.     Defendant admits that the excerpts quoted by Plaintiff in paragraph 22 of the Complaint are located on First Media's website but states that Plaintiff has failed to quote other statements contained on the website that may be applicable to the claims made in the Complaint.

23.     Upon information and belief, Defendant admits the allegations contained in paragraph 23 of the Complaint.

24.     Upon information and belief, Defendant admits the allegations contained in paragraph 24 of the Complaint.

25.     Upon information and belief, Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Defendant admits that, upon information and belief, the quoted paragraphs set forth in the paragraph are contained in the Second Supplemental Complaint from the *Flowers* action.  Defendant admits that Plaintiff tendered the First Amended Complaint in the *Flowers* action to Defendant on or about February 19, 2009 and that Defendant sent a letter to Plaintiff on or about February 26, 2009, which, among other things, denied coverage based upon the information available to Defendant at that time.  Defendant denies the allegations in paragraph 26 to the extent Plaintiff has attempted to paraphrase or summarize the allegations in *Flowers*' Second Supplemental Complaint. Defendant states that the Complaint speaks for itself.

4

27. Defendant denies the allegations in paragraph 27 as Plaintiff has attempted to paraphrase or summarize the allegations in *Flowers*' Second Supplemental Complaint. Defendant states that the Complaint speaks for itself.

28. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, denies the same.

29. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 29 of the Complaint and, therefore, denies the same.

30. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same.

31. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 31 of the Complaint and, therefore, denies the same.

32. Upon information and belief, Defendant admits the allegations contained in paragraph 32 of the Complaint.

33. Upon information and belief, Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint and, therefore, denies the same.

35. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 35 of the Complaint and, therefore, denies the same.

36. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 36 of the Complaint and, therefore, denies the same.

37. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 37 of the Complaint and, therefore, denies the same.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Defendant admits that, by letter dated February 26, 2009, it, among other things, denied defense and indemnity based on the information in its possession at that time.

40.     The allegations contained in paragraph 40 of the Complaint amount to argument and, therefore, do not require a response.  Should a response be deemed required, Defendant denies the same.

41.     Defendant admits that language quoted within paragraph 41 of the Complaint is contained within Defendant's February 26, 2009 letter but Defendant states that the letter must be read in its entirety to give full meaning to the content contained therein.

42.     Defendant admits that its February 26, 2009 letter set forth the exclusions contained in paragraphs G and H of the exclusions section of the policy as alleged in paragraph 42 of the Complaint but states that the letter must be read in its entirety to give full meaning to the content contained therein.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant admits the allegations contained in paragraph 45 of the Complaint but states that the letter must be read in its entirety to give full meaning to the content contained therein.

46.     In response to paragraph 46 of the Complaint, Defendant admits that the denial letter does not specifically request additional information but does request that Plaintiff notify Defendant if Plaintiff believes Defendant's determination was made in error.

47. Defendant admits that it has refused and continues to refuse to reimburse Plaintiff for defense costs it has incurred in the *Flowers* suit as alleged in paragraph 47 of the Complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 47 of the Complaint and, therefore, denies the same.

48. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 48 of the Complaint and, therefore, denies the same.

49. Defendant denies the allegations in paragraph 49 of the Complaint because Plaintiff has attempted to paraphrase or summarize several provisions of the policy. Defendant states that the language of the policy speaks for itself.

50. Defendant denies the allegations in paragraph 50 of the Complaint because Plaintiff has attempted to paraphrase or summarize several provisions of the policy. Defendant states that the language of the policy speaks for itself.

51. Defendant denies the allegations in paragraph 51 of the Complaint because Plaintiff has attempted to paraphrase or summarize several provisions of the policy. Defendant states that the language of the policy speaks for itself.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint as Plaintiff has attempted to paraphrase or summarize the allegations in Flowers' Second Supplemental Complaint. Defendant states that the Complaint speaks for itself.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies that the "phrases" are "titles" as alleged in paragraph 56 of the Complaint. Defendant denies the remaining allegations in paragraph 56 of the Complaint as well

Case 4:09-cv-00809-SWH   Document 17   Filed 11/11/09   Page 7 of 13

because Plaintiff has attempted to paraphrase or summarize several provisions of the policy. Defendant states that the language of the policy speaks for itself.

57.     Defendant admits that "literary composition" is contained within the definition of matter as alleged in paragraph 57 of the Complaint.  Defendant denies the remaining allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies that the allegations in *Flowers'* Second Supplemental Complaint meet the policy's definition of 'title'.  Defendant further denies the allegations in paragraph 58 to the extent Plaintiff has attempted to paraphrase or summarize the allegations in *Flowers'* Second Supplemental Complaint.  Defendant states that the Complaint speaks for itself. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 58 of the Complaint and, therefore, denies the same.

59.     The allegations contained in paragraph 59 of the Complaint amount to legal conclusions not requiring a response from Defendant.  Should the Court deem a response necessary, Defendant denies the same.

60.     The allegations contained the first 2 sentences in paragraph 60 of the Complaint amount to legal conclusions not requiring a response from Defendant.  Should the Court deem a response necessary, Defendant denies the same.  Defendant denies all remaining allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant admits that the policy defines "Scheduled Advertising" as "the insured's products and services set forth in Item 2 of the Declarations or by endorsement" as alleged in paragraph 63 of the Complaint.  Defendant also admits that the language "Advertising

8

for the insured's products" appears under "Scheduled Advertising" on the declarations page. Defendant denies the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 67 of the Complaint and, therefore, denies the same.

68.     Defendant is without sufficient information or knowledge to admit or deny whether *Flowers* requested advertising materials as referenced in paragraph 68 of the Complaint and, therefore, denies the same. Defendant denies all remaining allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.     Defendant admits that, among other things, the letter of February 26, 2009 asserted that Exclusions "G" and "H" apply to the *Flowers* suit as alleged in paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Complaint to the extent Plaintiff has attempted to paraphrase or summarize several provisions of the policy. Defendant states that the language of the policy speaks for itself. Defendant admits that the quoted portions of the policy contained within paragraph 73 are contained in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant admits that the quoted portions of the policy contained within paragraph 75 of the Complaint are contained in the policy but states that the policy must be read in its entirety to give full effect to the provisions contained therein.  Defendant denies the remaining allegations contained in paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.     Defendant admits that Count I is a claim for federal trademark infringement and that Count III is for state trademark dilution.  Defendant denies the remaining allegations contained in paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

## FIRST CAUSE OF ACTION

79.     For its response to paragraph 79 of Plaintiff's Complaint, Defendant incorporates by reference its response to each and every allegation addressed above as if fully set forth herein.

80.     Defendant denies the allegations in paragraph 80 of the Complaint because Plaintiff has attempted to paraphrase or summarize several provisions of the policy.  Defendant states that the language of the policy speaks for itself.  Defendant specifically denies that a duty to defend the *Flowers* action arises from the policy.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant admits that the parties disagree about whether Defendant owes defense costs to Plaintiff in connection with the *Flowers* action.  The remaining allegations in paragraph 83 of the Complaint amount to legal conclusions not requiring a response from this Defendant.  Should a response be deemed required, Defendant denies the same.

## DEFENSES APPLICABLE TO ALL ALLEGATIONS/COUNTS

84.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

85.     Plaintiff's Complaint contains an introduction and multiple headings (not included within any of the numbered paragraphs) that contain allegations.  Defendant denies all allegations contained within the introduction and headings.

86.     Defendant denies all allegations of Plaintiff's Complaint not specifically admitted herein.

87.     Defendant has no obligation to pay the defense costs of Plaintiff in the *Flowers* action because there is no coverage under the applicable insurance policy for the claims set forth in that action.

88.     Defendant has no obligation to pay the defense costs of Plaintiff in the *Flowers* action because the claims set forth in that action are specifically excluded under paragraphs E, G and H of "SECTION III—EXCLUSIONS" of the policy.

89.     Defendant has no obligation to pay the defense costs of Plaintiff in the *Flowers* action because Plaintiff failed to provide "prompt notification" of any potentially covered claim as required by the policy in question in that Plaintiff did not provide notice of the lawsuit until over six months after the filing of the Complaint, which violates Section V—GENERAL CONDITIONS, subsection A.

90.     Alternatively, because Plaintiff failed to provide prompt notification of the claim in question, assuming *arguendo* that Defendant has an obligation to pay defense costs (which Defendant expressly denies), defense costs must, at the very least, be reduced by the amount incurred prior to the date Plaintiff provided its untimely notice.

91.     Alternatively, assuming *arguendo* that Defendant did have an obligation to pay defense costs (which Defendant expressly denies), defense costs must be reduced by the amount

of costs incurred by Plaintiff in connection with the prosecution of Plaintiff's counterclaim in the *Flowers* action.

92.    Plaintiff has failed to comply with SECTION V—GENERAL CONDITIONS, subsection B by, among other things, failing to provide timely notice of the claim and by failing to provide information to indicate that "advertising" (as alleged) had occurred. Thereafter, Plaintiff provided no information to Defendant that "advertising" had allegedly occurred until the lawsuit was filed.

93.    To the extent Plaintiff claims or seeks equitable relief, such claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and estoppel.

94.    Plaintiff's action is in violation of SECTION V—GENERAL CONDITIONS, subsection L, in that Plaintiff has failed to comply with all of the terms of the policy as alluded to in the preceding paragraphs and because there has been no final judgment determining "loss".

95.    Plaintiff's prayer for prejudgment interest is barred by applicable law, including § 408.020 R.S.Mo., in that Plaintiff has failed to make a liquidated demand for payment on Defendant.

96.    Defendant reserves the right to assert any additional affirmative defenses it deems necessary after further investigation and discovery including, but not limited to, any and all defenses available under the insurance policy at issue.

WHEREFORE Defendant prays that Plaintiff take naught by way of its Complaint, that the suit, including all counts, be dismissed with prejudice and for whatever further relief the Court deems just and proper.

## JURY TRIAL DEMAND

Defendant hereby demands a jury of their peers to resolve all issues in the above captioned matter.

ARMSTRONG TEASDALE LLP

BY: _/s/ Laurence R. Tucker_____

Laurence R. Tucker          #24284
Tyson H. Ketchum          #50426
Katie M. Moore          #58625
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
(816) 221-3420
(816) 221-0786 (facsimile)
lrtucker@armstrongteasdale.com
tketchum@armstrongteasdale.com
kmoore@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
ONEBEACON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on Wednesday, November 11, 2009, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

_/s/ Laurence R. Tucker_____